U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 1 1 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| KISHNA LASHONE JUDGE AND CHERILYN COLE | : | DOCKET NO. 08-118 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ANTHONY MANCUSO ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(5) and (4)(m), [doc. 20], filed by defendants Tony Mancuso, Greg Tete and Gary Guillory. Before the Court is also a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(5) and (4)(m), [doc. 22], filed by defendant Calcasieu Parish Police Jury. Because these two motions are essentially identical, this Court shall address both motions in this Ruling. The plaintiffs filed an opposition [doc. 32].

## PROCEDURAL HISTORY

On June 5, 2008, the Magistrate Judge granted the plaintiffs' Motion to Extend, giving the plaintiffs until June 13, 2008 to serve the defendants [doc. 5]. The plaintiffs did not do so. Accordingly, the Magistrate Judge recommended that the case be dismissed for failure to serve [doc. 6]. The plaintiffs objected to the dismissal of their suit because they maintained that they never received notice of the original extension of time, which gave them until June 12, 2008 to serve the defendants [doc. 9]. Indeed, the docket indicates that the Clerk's Office mailed notice of the extension of time to serve to the plaintiffs, who were proceeding *pro se* at the time, but that this mail was returned as "undeliverable." On August 6, 2008, Ms. Cole personally came to the Clerk's

1

Office to update her address because she had moved. On November 10, 2008, Frank E. Barber enrolled as the plaintiffs' attorney.

On December 31, 2008, this Court sustained the objections to the Report and Recommendation, and granted the plaintiffs ten (10) calendar days with which to serve the defendants [doc. 13]. Following a motion for extension of time, this Court granted the plaintiffs until January 22, 2009 to serve process [doc. 17]. The defendants were all served on either January 15 or January 16, 2009 [doc. 18].

## ANALYSIS

Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Fifth Circuit has found that "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). When a plaintiff fails to serve a defendant within the 120 day period, the district court must first determine whether "good cause" exists. *Id.* If the court finds "good cause" present, the court must extend the time period for service. *Id.* If, however, the court does not find good cause, the court may "in its discretion" either dismiss the suit without prejudice or require that the plaintiff effect service within a specified time period. *Id.*

The defendants argue that the plaintiffs lacked "good cause" for their failure to serve timely, and cite several cases to support this argument. The cases the defendants cite, however, were

decided before the amendments to Rule 4(m), and the defendants fail to recognize even absent "good cause," a district court has the discretion to extend the time period for service. *See, e.g., Thompson*, 91 F.3d at 21 (stating that the new version of Rule 4(m) "broadens the district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause").

Thus, even if there was not "good cause," this Court acted within its discretion by extending the time period for service until January 22, 2009 [doc. 17]. The defendants were served either January 15 or January 16, 2009, [doc. 18], clearly within the extension this Court granted. Furthermore, any dismissal of this action would be without prejudice and the plaintiffs would have the opportunity to re-serve the defendants, which would be futile because the plaintiffs have already effected service within time period permitted by this Court; accordingly,

IT IS ORDERED that the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(5) and (4)(m), [doc. 20], filed by defendants Tony Mancuso, Greg Tete and Gary Guillory is hereby DENIED;

IT IS FURTHER ORDERED that the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(5) and (4)(m), [doc. 22], is also hereby DENIED.

Lake Charles, Louisiana, this 10 day of March, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE