U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 1 1 2009

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KISHNA LASHONE JUDGE AND CHERILYN COLE | : | **DOCKET NO. 08-118** |
| | : | |
| VS. | : | **JUDGE MINALDI** |
| ANTHONY MANCUSO ET AL. | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), [doc. 24], filed by defendant Calcasieu Parish Police Jury (hereinafter "CPPJ"). The plaintiffs filed an opposition [doc. 32].

## RULE 12(b)(6) STANDARD

A motion filed pursuant to Federal Rule 12(b)(6) challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

1

## ANALYSIS

CPPJ moves to dismiss the claims of plaintiff Cherilyn Cole as a matter of law. The plaintiffs, Ms. Cole and Kishna Lashone Judge, on behalf of Kabian Jacoby Judge, are the surviving mother and child of Lawrence Lee Cole, respectively.[1] Mr. Cole died on January 29, 2007 while incarcerated at the Calcasieu Parish Correctional Center.[2] The plaintiffs brought this wrongful death and survival action under the Louisiana Civil Code in federal court pursuant to 42 U.S.C. § 1983.[3] CPPJ argues that Ms. Cole's claims must be dismissed because, under Louisiana Civil Code articles 2315.1 and 2315.2, she has no right of action as a parent because Mr. Cole has a surviving child.

Section 1983 incorporates state wrongful death and survival actions. *See Rhyne v. Henderson County*, 973 F.2d 386, 390 (5th Cir. 1992). In Louisiana, wrongful death and survival actions arise pursuant to Louisiana Civil Code articles 2315.1 and 2315.2, which:

> designate those persons who may bring an action for wrongful death and in whose favor the victim's action survives. There are three separate classes of beneficiaries common to both actions and a fourth for survival actions. The existence of a member of the first class of beneficiaries exclude [sic] all members of lesser classes. Thus, any member of a higher class preempts the claims of other classes of beneficiaries.

*Nelson v. Burkeen Constr. Co.*, 605 So.2d 681, 683 (La. App. 2d Cir. 1992). Pursuant to both articles 2315.1 and 2315.2, the first class of beneficiaries are the "... surviving spouse and child or children of the deceased, or either the spouse or the child or children." La. Civ. Code arts. 2315.1(A)(1) and 2315.2(A)(1). The second class of beneficiaries for both articles 2315.1 and

---

[1] Compl. ¶¶ 2-3 [doc. 1].

[2] *See generally id.*

[3] *Id.* ¶ 3.

2

2315.2 are "[t]he surviving father and mother of the deceased, or either of them if he left no spouse or child surviving." La. Civ. Code arts. 2315.1(A)(2) and 2315.2(A)(2).

Because Ms. Judge brings suit on behalf of Kabian Jacoby Judge, Mr. Cole's surviving child who is in the first class of beneficiaries under La. Civ. Code arts. 2315.1(A)(1) and 2315.2(A)(1), this Court concludes that Ms. Cole lacks standing to bring suit, as she is a parent and is in the second class of beneficiaries; accordingly,

IT IS ORDERED that CPPJ's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), [doc. 24], is hereby GRANTED;

IT IS FURTHER ORDERED that plaintiff Cherilyn Cole's claims are hereby DISMISSED in their entirety.

Lake Charles, Louisiana, this _10_ day of _March_, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE