RECEIVED
IN LAKE CHARLES, LA.

NOV 17 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KISHNA LASHONE JUDGE, on behalf of KABIAN JACOBY JUDGE and CHERILYN COLE | : | DOCKET NO. 2:08 CV 118 |
| VS. | : | JUDGE MINALDI |
| ANTHONY MANCUSO, SHERIFF OF CALCASIEU PARISH, LOUISIANA, et al | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, [doc. 46], filed by defendant the State of Louisiana, Department of Public Safety and Corrections ("Department of Corrections"). The plaintiffs did not file an Opposition.

## FACTS

Lawrence Lee Cole was incarcerated at the Calcasieu Correctional Center on January 28, 2007, when he suffered a seizure and was transported to W.O. Moss Regional Hospital.[1] Prior to January 28, 2007, Cole had multiple seizures, and on that date, he suffered a grand mal seizure.[2] Cole died on January 29, 2007.[3] The plaintiffs assert that the inadequate medical care provided by the Calcasieu Parish Sheriff's Office and its employees, the Calcasieu Parish Police Jury, the Department of Corrections, and the Louisiana Department of Health and Hospitals caused Cole's

---

[1] Complaint, [doc. 1].

[2] *Id.*

[3] *Id.*

death. The plaintiffs seek damages under 42 U.S.C. § 1983, provisions of the Louisiana Civil Code, and violations of the Eighth and Fifth Amendments to the United States Constitution.[4] A bench trial is scheduled for January 19, 2010. The Department of Corrections seeks dismissal from this lawsuit, arguing that it is entitled to sovereign immunity in federal court.

## RULE 12(b)(1) STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction; therefore, the plaintiff must demonstrate that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted). When examining a Rule 12(b)(1) motion, the court is allowed to consider factual matters that may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). A court should grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the plaintiff cannot prove any set of supporting facts that would entitle him to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## ANALYSIS

The Eleventh Amendment to the United States Constitution bars private individuals from suing states in federal court, unless Congress has abrogated the state's immunity or the state has waived its immunity.[5] *Ussrey v. State of Louisiana*, 150 F.3d 431, 435 (5th Cir. 1998) (internal

---

[4] *Id.*

[5] The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

citations omitted). Eleventh Amendment immunity applies to the state itself, as well as its agencies and departments. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986).

The Department of Corrections is an agency of the State of Louisiana. Thus, the plaintiffs' claims are barred unless Congress has validly abrogated the state's immunity or the state has waived its immunity. Congress has not abrogated sovereign immunity of the states for claims under 42 U.S.C. § 1983, or for other civil rights claims. *Id.* (citing *Quern v. Jordan*, 99 S.Ct. 1139 (1979)). The State of Louisiana has not waived its immunity for suits brought in federal courts. The Louisiana legislature has expressed that "no suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. Ann. § 13:5106(A). *See also Richard v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997). Finally, the Fifth Circuit Court of Appeal has held that the Louisiana Department of Public Safety and Corrections is entitled to Eleventh Amendment immunity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999). Accordingly,

IT IS ORDERED that the Department of Corrections' motion to dismiss, [doc. 46], is hereby GRANTED.

IT IS FURTHER ORDERED that all claims against the Department of Corrections are hereby DISMISSED with prejudice at the plaintiffs' cost.

Lake Charles, Louisiana, this 17 day of November, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE